**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RAYMONETTE CHEATHAM | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. _____ |
| v. | : | |
| | : | |
| WAL-MART PROPERTY TAX DEPT, WALMART INC., WAL-MART SUPERCENTER #4456, WAL-MART STORES INC. RICHARD ROE OWNER 1-10 (FICTITIOUSLY NAMED DEFENDANTS), JOHN DOE MAINTENANCE COMPANIES 1-10 (FICTITIOUSLY NAMED) JOHN DOE VENDOR 1-10 (FICTITIOUSLY NAMED DEFENDANTS), JOHN DOES 1-10 (fictitiously named), ABC CORPORATIONS 1-10 (fictitiously named), XYZ PARTNERSHIPS 1-10 (factiously named) | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**DEFENDANTS WAL-MART PROPERTY TAX DEPT, WALMART INC., WAL-MART SUPERCENTER #4456, AND WAL-MART STORES INC.'S NOTICE OF REMOVAL**

Defendants Wal-Mart Property Tax Dept, Walmart Inc., Wal-Mart Supercenter #4456, Wal-Mart Stores Inc. (more properly identified collectively as "Wal-Mart Stores East, LP" and hereinafter referred to as "Walmart Defendants"), by and through their undersigned counsel, now file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Camden County ("State Action") to the United States District Court for the District of New Jersey, and, in support thereof, state as follows:

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

1. On May 29, 2020, Plaintiff Raymonette Cheatham ("Plaintiff") instituted the State Action by filing a Complaint against the Defendant. *See* Plaintiff's Complaint attached hereto as Exhibit "A."

2. Plaintiff filed Affidavits of Service indicating that the Complaint was served on Walmart Defendants on June 23, 2020. *See* true and correct copies of Plaintiff's Affidavits of Service attached hereto as Exhibit "B."

3. Plaintiff alleges that she sustained personal injuries from a slip and fall incident on or about July 27, 2018 at the Walmart Store located at 1 Coopertowne Boulevard, Somerdale, New Jersey 08083. *See* Exhibit "A," ¶¶3, 10, 17, 24, 31, 37, 43.

4. The Complaint vaguely alleges that Plaintiff sustained unspecified "severe painful and disabling injuries, and has been and will in the future be caused to expend monies for her medical care and treatment, and has been and will in the future be caused to refrain from her normal pursuits. . .." *See* Exhibit "A," ¶¶6, 13, 20, 27, 33, 40, 46.

5. Walmart Defendants filed an Answer to Plaintiff's Complaint with Affirmative Defenses on July 29, 2020. *See* a true and correct copy of Walmart's Answer attached hereto as Exhibit "C."

6. The State Court wherein this action was originally filed is located in Camden County, New Jersey, which is embraced within this jurisdictional district.

7. Removal from the Superior Court of New Jersey, Law Division, Camden County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of

the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

8. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

9. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action."

10. Prompt written notice of this Notice of Removal is being sent to Plaintiff through their counsel, and a copy of this Notice of Removal is being filed with Superior Court of New Jersey, Law Division, Camden County, as required by 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

11. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

12. The district courts of the United States have original jurisdiction over matters between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

13. A natural person is deemed to be a citizen of the state where she is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 104 (3d. Cir. 2015).

14. "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.*

15. The citizenship of limited liability companies and partnerships are determined by the citizenship of their members. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

16. At all relevant times, Plaintiff was/is a citizen of the State of New Jersey because she was/is an adult individual residing and domiciled in the County of Camden, State of New Jersey. *See Exhibit "A."*

17. At all relevant times, the Walmart Store #4456 at which this incident allegedly occurred was/is operated by Wal-Mart Stores East, LP, which was/is a Delaware limited partnership with its principal place of business in Arkansas.

18. Wal-Mart Stores East, LP is owned by Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly-owned operating entities as follows: Walmart Inc. is the sole (100%) owner of Wal-Mart Stores East, LLC, which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC and WSE Investment, LLC, which are both Delaware limited liability companies with principal places of business in Arkansas WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP.

19. Wal-Mart Property Tax Dept is a non-existent entity and therefore has no citizenship for purposes of diversity.

20. Accordingly, at all relevant times, there was/is complete diversity of citizenship.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

21.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

22.     Plaintiff's Complaint contained only vague information regarding the nature and extent of Plaintiff's alleged injuries.

23.     Therefore, Walmart Defendants served a Demand for Statement of Damages upon Plaintiff pursuant to New Jersey Rule 4:5-2 on July 29, 2020.

24.     On September 9, 2020, Walmart Defendants received Plaintiff's executed Statement of Damages wherein Plaintiff demanded $250,000 in settlement of her claims. *See* a true and correct copy of Plaintiff's executed Statement of Damages attached hereto as Exhibit "D."

25.     A Statement of Damages has long been recognized as "other paper" that can form the basis for removal.  *See, e.g., Correas v. C.R. Eng.-Global Transp.*, 2014 U.S. Dist. LEXIS 81970, *7, 2014 WL 2737986 (D.N.J. 2014); *Modica v. Home Depot*, 2007 U.S. Dist. LEXIS 30336 *4, 2007 WL 1231793 (D.N.J. Apr. 23, 2007); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994); and *Lang v. Baker*, 101 N.J. 147, 158, 501 A.2d 153 (N.J. 1985).

26.     When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3). See also § 1446(c)(3)(A).

27.     In *Vartanian v. Terzian*, 960 F. Supp. 58, 61-62 (D.N.J. Apr. 9, 1997), this Court held that "if a Complaint does not plead specific damages, and does not otherwise make clear

that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." (emphasis added); *see also Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 593 n. 14 (D.N.J. March 15, 2016) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought") (emphasis added).

28. "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.'" *Worldwide Executive Job Search Solutions, LLC v. North Bridge Grp.*, Civil Action No. 17-cv-1907-PGS-LHG, 2017 U.S. Dist. LEXIS 194674, *5-6, 2017 WL 5762392 (D.N.J. Nov. 27, 2017) (emphasis added) (citing *Judson v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014)) (quoting *Walker v. Trailer Transit, Inc., 727 F.3d 819, 824* (7th Cir. 2013)).

29. In this case, prior to the receipt of Plaintiff's Statement of Damages, the information available did not affirmatively and unambiguously reveal that the predicates for removal were present.

30. This Notice of Removal is filed within thirty (30) days of service of the "other paper" in which Plaintiff indicated that the amount in controversy exceeded $75,000. *See Rose v. USAA Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 63009, *11, 2010 WL 2557484 (D.N.J. June 23, 2010) (confirming that the removal period is calculated from date the defendant received the "other paper").

31. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

32. Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

33. Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied, *i.e.,* complete diversity of citizenship and the amount in controversy. exceeding $75,000, this action is properly removable.

**WHEREFORE**, Defendants Wal-Mart Property Tax Dept, Walmart Inc., Wal-Mart Supercenter #4456, Wal-Mart Stores Inc. (more properly identified collectively as Wal-Mart Stores East, LP) respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Camden County to the United States District Court for the District of New Jersey.

**MCDONNELL & ASSOCIATES, P.C.**

Dated: September 15, 2020    By:    */s/ Christina M. Matteo*
Patrick J. McDonnell, Esquire
Christina M. Matteo, Esquire
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
(610)   337-2087 - Telephone
(610)   337-2575 - Facsimile
*Attorneys for Defendants Wal-Mart Property Tax Dept, Walmart Inc., Wal-Mart Supercenter #4456, Wal-Mart Stores Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RAYMONETTE CHEATHAM | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. _____ |
| v. | : | |
| | : | |
| WAL-MART PROPERTY TAX DEPT, WALMART INC., WAL-MART SUPERCENTER #4456, WAL-MART STORES INC. RICHARD ROE OWNER 1-10 (FICTITIOUSLY NAMED DEFENDANTS), JOHN DOE MAINTENANCE COMPANIES 1-10 (FICTITIOUSLY NAMED) JOHN DOE VENDOR 1-10 (FICTITIOUSLY NAMED DEFENDANTS), JOHN DOES 1-10 (fictitiously named), ABC CORPORATIONS 1-10 (fictitiously named), XYZ PARTNERSHIPS 1-10 (factiously named) | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Christina M. Matteo, Esquire, hereby certify that, on the below date, Walmart Defendants' Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic mail on this same date on the following:

Daniel M. Levine, Esquire
KOTLAR, HERNANDEZ & COHEN
16000 Commerce Parkway, Suite C
Mount Laurel, NJ 08054
daniel@khcfirm.com
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: September 15, 2020          By:    */s/ Christina M. Matteo*
                                                             Christina M. Matteo, Esquire
*Attorneys for Defendants Wal-Mart Property Tax Dept, Walmart Inc., Wal-Mart Supercenter #4456, Wal-Mart Stores Inc.*