# EXHIBIT "A"

**KOTLAR, HERNANDEZ & COHEN, LLC**
Daniel M. Levine, Esquire ID #201582017
16000 Commerce Parkway, Suite C
Mount Laurel, NJ 08054
Daniel@khcfirm.com
Telephone: 856-751-7676
Facsimile: 856-751-5357
Attorney for Plaintiff

| | |
|---|---|
| RAYMONETTE CHEATHAM,<br><br>                    Plaintiff,<br><br>vs.<br><br>WAL-MART PROPERTY TAX DEPT,<br>WALMART INC., WAL-MART SUPERCENTER<br>#4456, WAL-MART STORES, INC., RICHARD<br>ROE OWNER 1-10 (FICTITIOUSLY NAMED<br>DEFENDANTS), JOHN DOE MAINTENANCE<br>COMPANIES 1-10 (FICTITIOUSLY NAMED),<br>JOHN DOE VENDOR 1-10 (FICTITIOUSLY<br>NAMED DEFENDANTS), JOHN DOES 1-10<br>(fictitiously named), ABC CORPORATIONS 1-10<br>(fictitiously named), XYZ PARTNERSHIPS 1-10<br>(fictitiously named)<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>CAMDEN COUNTY<br><br>**DOCKET NO.**<br><br>CIVIL ACTION<br><br>    **COMPLAINT AND JURY DEMAND** |

Plaintiff, RAYMONETTE CHEATHAM, residing at 902 Millbridge Road, in the City of

Clementon, County of Camden, State of New Jersey, 08021, by way of Complaint against the above-

captioned Defendants, says:

<u>**COUNT ONE – NEGLIGENCE**</u>

**WAL-MART PROPERTY TAX DEPT**

1.      Defendant, WAL-MART PROPERTY TAX DEPT, with a principal business address

located at PO Box 8050 Bentonville, AR, 72712, is a company authorized to do business in the

State of New Jersey.

2.      On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was a business invitee at

the premises owned, operated, controlled, maintained, and/or leased by Defendant, WAL-MART

PROPERTY TAX DEPT, 1 Coopertowne Boulevard, Somerdale, NJ 08083.

3.      At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and permanent injuries when she was caused to slip and fall upon a dangerous condition, and in the course of the fall, suffered serious injuries, all of which was caused as a result of the negligence, carelessness and/or recklessness of the Defendant, WAL-MART PROPERTY TAX DEPT.

4.      Defendant, WAL-MART PROPERTY TAX DEPT, knew or should have known about the aforesaid defective and dangerous condition.

5.      Defendant, WAL-MART PROPERTY TAX DEPT, was negligent in that it:

a)      Did not keep the premises in a safe condition;

b)      Did not exercise proper care;

c)      Caused or allowed a dangerous and hazardous condition to exist;

d)      Allowed a nuisance to exist;

e)      Failed to provide safeguards and/or warnings on its property;

f)      Failed to provide proper, safe and clear access for persons allowed and invited to use the property;

g)      Failed to inspect the premises;

h)      Improperly allowed debris to exist on the floor; and

i)      Was otherwise negligent with respect to the premises.

6.      As a result of the negligence of Defendant, WAL-MART PROPERTY TAX DEPT, Plaintiff was caused to suffer and sustain severe painful and disabling injuries, and has been and will in the future be caused to expend monies for her medical care and treatment, and has been and will in the future be caused to refrain from her normal pursuits.

**WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendant, WAL-MART PROPERTY TAX DEPT, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs, as well as such other relief as the Court deems just and proper.

## COUNT TWO – NEGLIGENCE

### WALMART INC.

7.      For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

8.      Defendant, WALMART INC., a foreign profit corporation with its principal business address located at 708 SW 8th Street, Bentonville, Arkansas, is a company authorized to do business in the State of New Jersey.

9.      On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was a business invitee at the premises owned, operated, controlled, maintained, and/or leased by Defendant, WALMART INC., located at 1 Coopertowne Boulevard, Somerdale, NJ 08083.

10.     At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and permanent injuries when she was caused to slip and fall upon a dangerous condition, and in the course of the fall, suffered serious injuries, all of which was caused as a result of the negligence, carelessness and/or recklessness of the Defendant, WALMART INC.

11.     Defendant, WALMART INC., knew or should have known about the defective and dangerous condition.

12.     Defendant, WALMART INC., was negligent in that it:

a)      Did not keep the premises in a safe condition;

b)      Did not exercise proper care;

c)      Caused or allowed a dangerous and hazardous condition to exist;

d)      Allowed a nuisance to exist;

e)      Failed to provide safeguards and/or warnings on its property;

f)      Failed to provide proper, safe and clear access for persons allowed and invited to use the property;

g)      Failed to inspect the premises;

h)      Improperly allowed debris to exist on the floor; and

i)      Was otherwise negligent with respect to the premises.

13.     As a result of the negligence of Defendant, WALMART INC., and the fall caused thereby, Plaintiff, RAYMONETTE CHEATHAM, was caused to suffer and sustain severe painful and disabling injuries, and has been and will, in the future, be caused to expend monies for her medical care and treatment, and has been and will, in the future, be caused to refrain from her normal pursuits.

        **WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendant, WALMART INC., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs.

### COUNT THREE – NEGLIGENCE

### WALMART SUPERCENTER #4456

14.     For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

15.     Defendant, WALMART SUPERCENTER #4456, with a principal business address located at 1 Coopertowne Boulevard, Somerdale, NJ 08083, is a company authorized to do business in the State of New Jersey.

16.     On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was a business invitee at the premises owned, operated, controlled, maintained, and/or leased by Defendant, WALMART SUPERCENTER #4456, located at 1 Coopertowne Boulevard, Somerdale, NJ 08083.

17.     At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and permanent injuries when she was caused to slip and fall upon a dangerous condition, and in the course of the fall, suffered serious injuries, all of which was caused as a result of the negligence, carelessness and/or recklessness of the Defendant, WALMART SUPERCENTER #4456.

18.     Defendant, WALMART SUPERCENTER #4456, knew or should have known about the defective and dangerous condition.

19.     Defendant, WALMART SUPERCENTER #4456, was negligent in that it:

    a)     Did not keep the premises in a safe condition;

    b)     Did not exercise proper care;

    c)     Caused or allowed a dangerous and hazardous condition to exist;

    d)     Allowed a nuisance to exist;

    e)     Failed to provide safeguards and/or warnings on its property;

    f)     Failed to provide proper, safe and clear access for persons allowed and invited to use the property;

    g)     Failed to inspect the premises;

    h)     Improperly allowed debris to exist on the floor; and

    i)     Was otherwise negligent with respect to the premises.

20.     As a result of the negligence of Defendant, WALMART SUPERCENTER #4456, and the fall caused thereby, Plaintiff, RAYMONETTE CHEATHAM, was caused to suffer and sustain severe painful and disabling injuries, and has been and will, in the future, be caused to expend monies for her medical care and treatment, and has been and will, in the future, be caused to refrain from her normal pursuits.

    **WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendant, WALMART SUPERCENTER #4456, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs.

## COUNT FOUR – NEGLIGENCE

### WAL-MART STORES, INC.

21.     For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

22.     Defendant, WAL-MART STORES, INC., a foreign profit corporation with its principal business address located at 708 SW 8th Street, Bentonville, Arkansas, is a company authorized to do

business in the State of New Jersey.

23.　　On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was a business invitee at

the premises owned, operated, controlled, maintained, and/or leased by Defendant, WAL-MART

STORES, INC., located at 1 Coopertowne Boulevard, Somerdale, NJ 08083.

24.　　At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and

permanent injuries when she was caused to slip and fall upon a dangerous condition, and in the

course of the fall, suffered serious injuries, all of which was caused as a result of the negligence,

carelessness and/or recklessness of the Defendant, WAL-MART STORES, INC.

25.　　Defendant, WAL-MART STORES, INC., knew or should have known about the defective and

dangerous condition.

26.　　Defendant, WAL-MART STORES, INC., was negligent in that it:

a)　　Did not keep the premises in a safe condition;

b)　　Did not exercise proper care;

c)　　Caused or allowed a dangerous and hazardous condition to exist;

d)　　Allowed a nuisance to exist;

e)　　Failed to provide safeguards and/or warnings on its property;

f)　　Failed to provide proper, safe and clear access for persons allowed and invited to use the

property;

g)　　Failed to inspect the premises;

h)　　Improperly allowed debris to exist on the floor; and

i)　　Was otherwise negligent with respect to the premises.

27.　　As a result of the negligence of Defendant, WAL-MART STORES, INC., and the fall caused

thereby, Plaintiff, RAYMONETTE CHEATHAM, was caused to suffer and sustain severe

painful and disabling injuries, and has been and will, in the future, be caused to expend monies

for her medical care and treatment, and has been and will, in the future, be caused to refrain from

her normal pursuits.

**WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendant, WAL-MART STORES, INC., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs.

### COUNT FIVE – NEGLIGENCE

### RICHARD ROE OWNER 1-10 (FICTITIOUSLY NAMED DEFENDANTS)

28.    For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

29.    Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants), are authorized to do business in the State of New Jersey.

30.    On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was lawfully upon the premises owned, operated, controlled, managed, maintained, supervised and/or leased by Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants), located at or near 1 Coopertowne Boulevard in the City of Somerdale County of Camden, State of New Jersey, 08083.

31.    At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and permanent injuries when she was caused to slip and fall upon a dangerous condition, and in the course of the fall, suffered serious injuries, all of which was caused as a result of the negligence, carelessness and/or recklessness of the Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants).

32.    Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants), knew or should have known about the defective and dangerous condition.

33.    Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants), were negligent in that they:

    a)    Did not keep the premises in a safe condition;

b)      Did not exercise proper care;

c)      Caused or allowed a dangerous and hazardous condition to exist;

d)      Allowed a nuisance to exist;

e)      Failed to provide safeguards and/or warnings on its property;

f)      Failed to provide proper, safe and clear access for persons allowed and invited to use the property; and

g)      were otherwise negligent in the premises.

33.     As a result of the negligence of Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants), and the fall caused thereby, Plaintiff, RAYMONETTE CHEATHAM, was caused to suffer and sustain severe painful and disabling injuries, and has been and will, in the future, be caused to expend monies for her medical care and treatment, and has been and will, in the future, be caused to refrain from her normal pursuits.

**WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM demand(s) judgment against Defendants, Richard Roe Owner 1-10 (fictitiously named Defendants), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs.

## COUNT SIX – NEGLIGENCE

## JOHN DOE MAINTENANCE COMPANIES 1-10 (FICTITIOUSLY NAMED DEFENDANTS)

34.     For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

35.     Defendants, JOHN DOE MAINTENANCE COMPANIES 1-10 (fictitiously named Defendants), were hired or retained to perform maintenance, including stocking, restocking and product placement, at the premises located at 1 Coopertowne Boulevard, Somerdale, NJ 08083.

36.     On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was a business invitee on the premises owned, operated, controlled, maintained, and/or leased by Defendant, JOHN DOE MAINTENANCE COMPANIES 1-10 (fictitiously named Defendants), located at 1 Coopertowne

Boulevard, Somerdale, NJ 08083.

37.    At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and

permanent injuries when she was caused to trip and fall upon a dangerous condition, and in the

course of the fall, suffered serious injuries, all of which was caused as a result of the negligence,

carelessness and/or recklessness of the Defendants, JOHN DOE MAINTENANCE COMPANIES

1-10 (fictitiously named Defendants).

38.    Defendants, JOHN DOE MAINTENANCE COMPANIES 1-10 (fictitiously named Defendants),

knew or should have known about the aforesaid defective and dangerous condition.

39.    Defendants, JOHN DOE MAINTENANCE COMPANIES 1-10 (fictitiously named Defendants),

were negligent in that they:

a)    Did not keep the premises in a safe condition;

b)    Did not exercise proper care;

c)    Caused or allowed a dangerous and hazardous condition to exist;

d)    Allowed a nuisance to exist;

e)    Failed to provide safeguards and/or warnings on their property;

f)    Failed to provide proper, safe and clear access for persons allowed and invited to use the

property;

g)    Failed to inspect the premises;

h)    Improperly allowed debris to exist on the floor; and

i)    Were otherwise negligent with respect to the premises.

40.    As a result of the negligence of Defendants, JOHN DOE MAINTENANCE COMPANIES 1-10

(fictitiously named Defendants), Plaintiff was caused to suffer and sustain severe painful and

disabling injuries, and has been and will in the future be caused to expend monies for her medical

care and treatment, and has been and will in the future be caused to refrain from her normal

pursuits.

**WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendants, JOHN DOE MAINTENANCE COMPANIES 1-10 (fictitiously named Defendants), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs, as well as such other relief as the Court deems just and proper.

## COUNT SEVEN - NEGLIGENCE

### JOHN DOE VENDOR 1-10 (FICTITIOUSLY NAMED DEFENDANTS)

41. For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

42. On or about July 17, 2018, Plaintiff, RAYMONETTE CHEATHAM, was lawfully upon the premises owned, operated, controlled, managed, maintained, supervised and/or leased by Defendants, JOHN DOE VENDOR 1-10 (fictitiously named Defendants), located at or near 1 Coopertowne Boulevard, City of Somerdale, County of Camden, State of New Jersey, 08083.

43. At the aforesaid time and place, Plaintiff, RAYMONETTE CHEATHAM, sustained serious and permanent injuries when she was caused to trip and fall upon a dangerous condition, and in the course of the fall, suffered serious injuries, all of which was caused as a result of the negligence, carelessness and/or recklessness of the Defendants, JOHN DOE VENDOR 1-10  (fictitiously named Defendants).

44. Defendants, John Doe Vendor 1-10 (fictitiously named Defendants), knew or should have known about the defective and dangerous condition.

45. Defendants, John Doe Vendor 1-10 (fictitiously named Defendants), were negligent in that they:

a)      Did not keep the premises in a safe condition;

b)      Did not exercise proper care;

c)      Caused or allowed a dangerous and hazardous condition to exist;

d)      Allowed a nuisance to exist;

e)      Failed to provide safeguards and/or warnings on its property;

f)      Failed to provide proper, safe and clear access for persons allowed and invited to use the property; and

g)      were otherwise negligent in the premises.

46.   As a result of the negligence of Defendants, John Doe Vendor 1-10 (fictitiously named Defendants), Plaintiff, RAYMONETTE CHEATHAM, was caused to suffer and sustain severe painful and disabling injuries, and has been and will, in the future, be caused to expend monies for her medical care and treatment, and has been and will, in the future, be caused to refrain from her normal pursuits.

   **WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendants, John Doe Vendor 1-10 (fictitiously named Defendants), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court.

## COUNT EIGHT– NEGLIGENCE

### JOHN DOE 1-10, ABC CORPORATION 1-10, XYZ PARTNERSHIP 1-10 (FICTITIOUSLY NAMED DEFENDANTS)

47.   For sake of brevity, all paragraphs of this Complaint are repeated herein and made part of this Count as if set forth at length.

48.   Defendants, John Doe 1-10, ABC Corporation 1-10 and XYZ Partnership 1-10 (fictitiously named defendants), are individuals, Partnerships, Corporations and/or other business entities fictitiously named and are potentially liable to Plaintiff for injuries arising out of their negligence, whether jointly, severally and/or in the alternative.

   **WHEREFORE**, Plaintiff, RAYMONETTE CHEATHAM, demands judgment against Defendants, John Doe 1-10, ABC Corporation 1-10 and XYZ Partnership 1-10 (fictitiously named Defendants) for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, legal fees and court costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Please take notice that the Plaintiff demands that Defendants provide certified answers to those Interrogatories designated as Form C and Form C(2) as contained in Appendix II of the Rules Governing the Courts of the State of New Jersey within sixty (60) days of service hereof.

## DEMAND FOR INSURANCE INFORMATION

Please take notice that the undersigned attorney for the Plaintiff, RAYMONETTE CHEATHAM, hereby demands that all defendants produce complete copies of any, and all liability insurance policies that were in effect at the time of the July 17, 2018 slip and fall.  This request includes, but is not limited to, the declaration sheet, the actual policy, and any and all endorsements to the policy.  This demand can be complied with by sending certified complete copies of the applicable policies to the undersigned attorney for the Plaintiff within 50 days of the service of the complaint.

## CERTIFICATION RULE 4:5-1

I hereby certify that:

1. To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

2. At this time and to the best of my knowledge and belief, there are no other parties who may be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Daniel M. Levine, Esquire is hereby designated as trial counsel for this case.

**NOTICE PURSUANT TO RULES 1:5-1(A) AND 4:17-4(C)**

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiff hereby demands that each party herein serving pleadings and interrogatories and receiving answers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

**NOTICE PURSUANT TO RULE 1:7-1(b)**

Please take notice that, pursuant to New Jersey Court Rule 1:7-1(b), the Plaintiff may suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time unit basis without reference to a specific sum.

Date:   May 29, 2020                         ***/s/ Daniel M. Levine***
                                            Daniel M. Levine
                                            Attorney for Plaintiff