UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAYMONETTE CHEATHAM,<br><br>                Plaintiff,<br><br>     v.<br><br>WAL-MART STORES EAST, LP, et al.,<br><br>                Defendants. | Civil Action<br><br>No. 1:20-CV-12711-KMW-EAP<br><br>**OPINION** |

APPERANCES:

Daniel M. Levine, Esquire
KOTLAR, HERNANDEZ & COHEN
16000 Commerce Parkway, Suite C
Mount Laurel, NJ 08054
        Counsel for Plaintiff Raymonette Cheatham

Christina M. Matteo, Esquire
Patrick J. McDonnell, Esquire
MCDONNELL & ASSOCIATES, P.C.
860 First Avenue, Suite 5B
King of Prussia, PA 19406
        Counsel for Defendant Wal-Mart Stores East, LP

**WILLIAMS, District Judge:**

## I.   INTRODUCTION

This matter comes before the Court by way of the Motion of Defendant Wal-Mart Stores East, LP ("Walmart" or "Defendant") for Summary Judgment pursuant to Fed. R. Civ. P. 56. The Motion is opposed by Plaintiff Raymonette Cheatham ("Plaintiff"), who claims that Walmart is liable to her for an alleged slip-and-fall incident that occurred in one of its stores. For the reasons below, Walmart's Motion for Summary Judgment is granted.

1

## II. BACKGROUND

On the evening of July 17, 2018, Plaintiff visited a Walmart store in Somerdale, New Jersey. *See* Def.'s Statement of Material Facts ("Def.'s SMF") ¶ 2; *see also* Pl.'s Counterstatement of Material Facts ("Pl.'s CSMF") ¶ 1. At 7:20 p.m., and within minutes of entering the store, Plaintiff slipped and fell on a piece of cardboard that was laying in one of the aisles. *See* Pl.'s CSMF ¶ 8. Video surveillance footage shows that the cardboard had previously fallen from a s'mores display that had previously been bumped into by another customer. *See* Def.'s SMF ¶ 22; Plf.'s CSMF ¶ 13. Though the parties dispute the precise moment at which the cardboard had fallen to the floor, it is undisputed that the maximum amount of time the cardboard could have existed on the floor prior to Plaintiff's fall was three minutes and fifteen seconds. *See* Pl.'s CSMF ¶¶ 14–15; Def.'s Resp. to Pl.'s CSMF ¶ 13.[1] Neither Plaintiff nor the eyewitness reported seeing a Walmart associate in the area immediately prior to or after Plaintiff's fall. *See* Def.'s SMF ¶¶ 50–52; Pl.'s CSMF ¶ 15.

Walmart's safety and premises inspection protocols were described by store manager Mary Pierce ("Pierce"). During her deposition, Pierce testified that Walmart maintains a policy of performing strategic safety sweeps, in which associates are assigned to maintenance teams that sweep high-traffic areas for any potential hazards on an hourly basis. *See* Pl.'s CSMF ¶ 18. In addition to the maintenance teams, all associates are instructed to keep aisleways free from hazards (*e.g.*, trash, spills), regardless of whether they are assigned to a safety sweep or are working in another area of the store. *See id.* If an associate encounters a hazard, he is to guard the hazard to

---

[1] As explained *infra*, any dispute as to the precise moment the cardboard fell to the ground does not present a genuine issue of material fact. *See Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) ("A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'"). The dispute is likewise immaterial because it has no affect on the outcome of this case under governing New Jersey law. *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020).

ensure no one is injured until it can be properly removed. *See id.* If the associate is unable to immediately remove the hazard without leaving the area, the associate is to remain with the hazard while another associate brings the appropriate tools to clean or remove the hazard. Associates may also utilize orange cones to secure the area. *See id.*

### III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *See Anderson*, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d

Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.   DISCUSSION

To prevail on her cause of action for negligence under New Jersey law, Plaintiff must prove four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. *See Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). Concerning the first prong, the duty of due care owed to business invitees requires a business owner to "maintain [its] premises in a reasonably safe condition." *Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 731 (D.N.J. 2016). Here, the parties do not dispute that Walmart owed to Plaintiff a duty to maintain the premises in a reasonably safe condition. Rather, the instant Motion turns on the second prong—whether Plaintiff can adequately demonstrate that Walmart breached its duty of care.

As an element of breach in premises liability cases, an injured plaintiff must prove "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). Though it is undisputed that Plaintiff slipped on a piece of cardboard, Plaintiff has not pointed to any record evidence suggesting that Walmart actually knew that the cardboard was on the ground prior to Plaintiff's fall. Therefore, whether Walmart breached its duty of care pivots on whether it had constructive knowledge of the cardboard. "Constructive knowledge refers to notice that a particular condition existed for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner . . . been reasonably diligent." *Kempf v. Target Corp.*, No. 06–

1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing *Parmenter v. Jarvis Drug Store*, 138 A.2d 548 (N.J. Super. Ct. App. Div. 1957)).

It is undisputed that the maximum amount of time the cardboard could have existed on the floor prior to Plaintiff's fall was three minutes and fifteen seconds. *See* Def.'s Resp. to Pl.'s CSMF ¶ 13. While constructive notice is typically a question of fact for the jury, Walmart argues that, as a matter of law, three minutes and fifteen seconds is insufficient to establish constructive notice of the cardboard. In *Jackson v. Shoprite*, plaintiff brought suit against a store after having slipped and fallen on a dollop of shampoo from a bottle that had previously fallen off a shelf. *See* No. A-3267-18T2, 2019 WL 7369792, at *1 (N.J. Super. Ct. App. Div. Dec. 31, 2019). Video surveillance footage showed that the shampoo had existed on the floor for a period of only three minutes before the plaintiff slipped and fell. *See id.* Appealing the entry of summary judgment, the plaintiff argued that the three-minute period—coupled with the fact that the store had no written policy governing inspections or addressing spills—was sufficient to create a jury question as to the store's constructive notice. *See id.* at *2. The New Jersey Appellate Division instead held that a period of three minutes is an insufficient duration as a matter of law to place a business owner on constructive notice of a dangerous condition. *See id.* Concerning the store's safety policies, the court found that the plaintiff offered nothing to contradict the store's loss prevention specialist, who offered testimony concerning the store's regularly held safety meetings, as well as its instruction to employees to clean up spills immediately and not leave them unattended. *See id.*

Here, like in *Jackson*, Plaintiff argues that "whether three minutes [and fifteen seconds] [is] sufficient to provide [Walmart] constructive notice of the [cardboard] [is] a genuine issue of material fact for the jury, as [is] whether [Walmart] reasonably inspected the premises for dangerous conditions and whether it failed to have and implement safety policies and procedures."

5

*Id.* at *1 (internal quotation marks omitted). Pursuant to *Jackson*, however, this period of time is insufficient to establish constructive notice and, by extension, a breach of a legal duty. Plaintiff also charges that Walmart's safety policies were deficient insofar as they "do not include documenting the safety sweeps" or "what took place during them." Pl.'s CSMF ¶ 19. Plaintiff seems to suggest that Walmart associates should have been required to document any hazards that they find and remove from the floor during routine safety sweeps. But Plaintiff does not offer any evidence to contradict the testimony of Walmart's store manager, Mary Pierce, who described Walmart's process of formal, strategic inspections that occur every hour. These efforts are only further supplemented by every Walmart associate, who is directed to always identify, secure, and remove hazards they come across. *See id.* ¶¶ 16–17.

In short, Plaintiff cannot establish constructive notice because she cannot demonstrate that the cardboard "existed for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner . . . been reasonably diligent." *Kempf*, 2008 WL 305457, at *2. A period of three minutes and fifteen seconds, by itself, is insufficient to show that Walmart had constructive notice of the cardboard and that it had, consequently, breached its duty of care. To the extent Plaintiff takes issue with Walmart's safety policies, she fails to point to any evidence suggesting that these policies are unreasonable or that Walmart failed to adhere to them on the day of her injury.[2]

---

[2] Plaintiff also submits that the Walmart associate who tended to Plaintiff violated Walmart safety policy when the associate left Plaintiff unattended to retrieve a manager. *See* Pl.'s CSMF ¶¶ 20–22. For purposes of establishing constructive notice, Plaintiff fails to articulate how Walmart's adherence to this post-accident policy would have "resulted in knowledge of the [cardboard]" prior to her fall. *Kempf*, 2008 WL 305457, at *2. It is difficult to imagine how this supposed lack of "reasonable diligen[ce]" would have given rise to constructive knowledge when the alleged policy violation occurred after the fall. *Id.*

## V. CONCLUSION

Because Plaintiff cannot meet her burden to prove that Walmart breached its duty of reasonable care, Walmart's Motion for Summary Judgment is **GRANTED**.

Dated: November 10, 2022

                                              */s/ Karen M. Williams*
                                              KAREN M. WILLIAMS
                                              United States District Judge